## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JASON P. O'LEARY, and RICHARD P. LEONARD, individually and on behalf of all others similarly situated | ) ) ) | **Case No. 1:15-CV-12335-DLC** |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NEW HAMPSHIRE BORING, INC., THOMAS A. GARSIDE and JAYNE F. BURNE, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR RELIEF

NOW COME the Defendants New Hampshire Boring, Inc., Thomas A. Garside, and Jayne F. Burne ("Defendants"), by and through their attorneys Devine, Millimet & Branch, P.A., and respectfully submit the following memorandum of law in support the defendants' motion to dismiss for failure to state a claim for relief.

### I.      Introduction

In this action, the plaintiffs allege, primarily, that they should have been paid the statutory "prevailing wage" for exploratory engineering work they performed in the design phase of a project to extend the Green Line in Somerville and Cambridge.  Conspicuously absent from the Complaint is any allegation that (1) a public body or official designated the work as a "prevailing wage" project, (2) a public body or official issued a wage rate schedule, or (3) that the designation and wage rate schedule appeared in the advertisement or bid solicitation. Without these allegations, the plaintiffs fail to state a claim for "prevailing wages," and their related overtime claim fails for the same reasons.

Separately, the plaintiffs' claim for quantum meruit fails to state a claim because the plaintiffs acknowledge an employment relationship, meaning they have a contractual remedy at law. The availability of that remedy at law precludes any claim for quantum meruit.

Finally, the plaintiffs purport to bring their claims on behalf of a putative class action, but the plaintiffs have not met the pleading threshold to state a claim for class-wide relief. The Complaint lacks any factual allegations establishing a plausible basis to conclude that the plaintiffs' claims meet the class action requirements of Federal Rule of Civil Procedure 23.

For all these reasons, set forth in more detail below, the Court should dismiss Counts II, III and IV of the Complaint, as well as the class action request, for failure to state a claim upon which relief may be granted.

## II.     Summary of Allegations in the Complaint

1.     The following allegations are assumed as true solely for purposes of this motion.

2.     New Hampshire Boring, Inc. ("NH Boring") contracted with the Massachusetts Bay Transportation Authority ("MBTA") and the Massachusetts Department of Transportation ("MassDOT") to supply services such as boring, drilling and other services for the Green Line Extension ("GLX") project in Somerville and Cambridge, Massachusetts.[1]  *See* Complaint ¶¶ 10 15, 16.

3.     Plaintiffs Jason O'Leary and Richard P. Leonard were employees of NH Boring who worked on the GLX project performing soil explorations and test borings. *See* Complaint ¶¶ 19, 20.

4.     Plaintiffs were not paid at the so-called "prevailing wage". *See* Complaint ¶¶ 23-27.

---

[1] In fact, NH Boring had no direct contractual relationship with either the MBTA or MassDOT; the fact is assumed only for purposes of this motion, as it is an allegation within the four corners of the Complaint.

5.      Deductions were also made from the plaintiffs' pay for "uniform deduction".  *See* Complaint ¶ 28.

6.      Plaintiffs have sued NH Boring, its president (Thomas Garside), and its treasurer (Jayne Burne) for alleged violations of Massachusetts wage laws.  *See* Complaint ¶¶ 5-8.

7.      Specifically, the plaintiffs allege the following:  (1) violation of M.G.L. c. 149, § 148 for allegedly unlawful deductions (Count I); (2) violation of M.G.L. c. 151, § 1A for allegedly unlawful failure to pay overtime compensation based on the prevailing wage rate (Count II); (3) violation of M.G.L. c. 149, § 27 by allegedly unlawful failure to pay prevailing wages (Count III); and (4) common law quantum meruit (Count IV).

8.      The plaintiffs also allege that the various alleged violations "affect[] all other employees similarly situated to O'Leary and Leonard," Complaint ¶ 30, and thereby seek certification of a class.  *See* Complaint, Prayer for Relief A.

## III.    Standard of Review

Federal complaints must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.*, 951 F.2d 513, 515 (1st Cir. 1988); *see also United States v. AVX Corp.*, 962 F.2d 108, 115 (1st Cir. 1992).  Ultimately, the plaintiff must state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Rocket Learning, Inc. v. Rivera-Sanchez*, 715 F.3d 1, 8 (1st Cir. 2013).

Stating a plausible claim requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A court reviewing the plausibility of a claim may disregard allegations that

amount to mere legal conclusions, which "are not entitled to the assumption of truth" for purposes of a motion to dismiss. *Iqbal*, 556 U.S. at 679.

## IV.    Argument

### 1.    The plaintiffs fail to state a prevailing wage claim.

Massachusetts' prevailing wage law, codified at M.G.L. c. 149, § 27, "govern[s] the setting and payment of wages on public works projects constructed by the State, by municipalities, or by public authorities." *McCarty's Case,* 445 Mass. 361, 370 (2005).  In order to state a claim for violation of the prevailing wage law[2], the plaintiffs must allege, among other things, that (1) a public body or official designated the public works project as a prevailing wage project; (2) the Commissioner issued a wage rate schedule; and (3) the schedule of rates was included within the advertising or bid solicitation.  The prevailing wage statute and cases interpreting that statute confirm these elements.

The prevailing wage statute provides, in relevant part, as follows:

> The commissioner shall prepare, for the use of such public officials or public bodies whose duty it shall be to cause public works to be constructed, a list of the several jobs usually performed on various types of public works upon which mechanics and apprentices, teamsters, chauffeurs and laborers are employed, including the transportation of gravel or fill to the site of said public works or the removal of surplus gravel or fill from such site. The commissioner shall classify said jobs, and he may revise such classification from time to time, as he may deem advisable. **Prior to awarding a contract for the construction of public works, said public official or public body shall submit to the commissioner a list of the jobs upon which mechanics and apprentices, teamsters, chauffeurs and laborers are to be employed, and shall request the commissioner to determine the rate of wages to be paid on each job**. Each year after the awarding of the contract, the public official or public body shall submit to the commissioner a list of the jobs upon which mechanics and apprentices and

---

[2]    By filing this motion and analyzing the plaintiffs' claims pursuant to Massachusetts law, the defendants do not concede that Massachusetts wage laws apply to the plaintiffs' employment relationships, given that at least two other states' interests (New Hampshire and Maine) appear to be implicated.  *See Taylor v. Eastern Connection Operating, Inc.*, 465 Mass. 191, 195 (2013) (observing, in the context of wage-related claims, that Court will "look to [its] established 'functional' choice of law principles" to determine which state's employment laws apply).

laborers are to be employed and shall request that the commissioner update the determination of the rate of wages to be paid on each job. The general contractor shall annually obtain updated rates from the public official or public body and no contactor or subcontractor shall pay less than the rates so established. . . . **The commissioner, subject to the provisions of section twenty-six, shall proceed forthwith to determine the same, and shall furnish said official or public body with a schedule of such rate or rates of wages as soon as said determination shall have been made. In advertising or calling for bids for said works, the awarding official or public body shall incorporate said schedule in the advertisement or call for bids by an appropriate reference thereto, and shall furnish a copy of said schedule, without cost, to any person requesting the same.** Said schedule shall be made a part of the contract for said works and shall continue to be the minimum rate or rates of wages for said employees during the life of the contract. . . . .

M.G.L. c. 149, § 27 (emphases added).

As indicated in the bolded text, several events must occur to trigger the prevailing wage statute. First, "[p]rior to awarding a contract for construction of public works", a "public official or public body" must designate a job as a prevailing wage job and submit a list of laborers to the commissioner, who then develops a schedule of wage rates. *See id.* In addition, "[i]n advertising or calling for bids for said works, the awarding official or public body shall incorporate said schedule in the advertisement or call for bids". *See id.*

In *McGrath v. ACT, Inc.*, 2008 WL 5115057 (Mass. App. 2008), the Massachusetts Appeals Court, construing M.G.L. c. 149, § 27, confirmed that a private employer such as NH Boring has no duty to pay prevailing wages unless and until the actions outlined above have occurred. *McGrath* arose when an HVAC technician sued his private employer for failure to pay him statutory prevailing wages. The employer had entered into service contracts with various municipalities for HVAC system maintenance. The employer, however, "did not bid any such work as a prevailing wage job, and none of [the employer's] municipal customers advised [the employer] that G.L. c. 149 applied to [the] work. As far as [the employer] knew, none of its municipal customers had requested that any state agency determine the statutorily required wage

for any job on which ACT worked."  *McGrath*, 2008 WL 5115057, *1.  In the absence of any municipal compliance with M.G.L. c. 149, § 27, the Court held that no duty arose on the employer's part to pay prevailing wages.  The Court observed:

> Section 27 of G.L. c. 149 spells out the duties of parties involved in the procedure establishing public "prevailing" wage jobs. Significantly, the statute does not describe any duty in that process on such an employer as [the HVAC employer at issue]. The onus is on the public bodies and the Department of Labor ("DOL"). Before a public body (here, a municipal customer) awards a public works contract, it must submit to DOL a list of the jobs upon which workers such as mechanics and laborers are to be employed and to request DOL to determine the rate of wages to be paid on each job.  DOL, pursuant to G.L. c. 149, § 26, must then determine those wages and furnish the public body with a schedule of them, which schedule must appear in advertising or bid solicitations, and is made part of any project contract.  The uncontroverted evidence here is that none of [the employer's] municipal customers adhered to any aspect of these statutory mandates.

*Id.*at *2 (citations omitted).  The Court affirmed summary judgment in the employer's favor because "the prevailing wage statute does not apply to a private employer when there has been no request by the municipality to establish a prevailing rate for contracted work."  *Id.  McGrath*, in short, underscores the statutory language requiring, as elements of stating any prevailing wage claim, that:  (1) a public body or official designate the public works project as a prevailing wage project; (2) the Commissioner issue a wage rate schedule; and (3) the schedule of rates be included within the advertising or bid solicitation.  *See also Tomei v. Corix Utilities, Inc.*, 2009 WL 2982775, *12 (D. Mass. 2009) ("However, where a municipality fails ever to request a prevailing wage rate schedule from the DOL, or the DOL fails to furnish such a schedule, there is no duty on a private employer to solicit or otherwise establish prevailing wage rates on its own.")[3].

---

3   Decisions from other jurisdictions construing statues similar to § 27 further buttress the conclusion that a private employer is not obligated to pay prevailing wages unless the contract has been designated as such by the public body, a wage rate schedule has been set, and the contract is advertised accordingly.  *See Universities Research Ass'n, Inc. v. Coutu*, 450 U.S. 754, 757 (1981) (discussing federal Davis-Bacon Act and observing "that

The plaintiffs have not alleged these elements.  The plaintiffs allege only that "given the nature of the public construction project, all work was subject to the Massachusetts Prevailing Wage Law."  Complaint ¶ 17.  That broad general allegation sweeps over the specific statutory elements of a prevailing wage claim, which a plaintiff must plead and prove.  It is not sufficient, moreover, for the plaintiffs to amend their Complaint to add the missing allegations, even on an "information and belief" standard, if they lack any good faith basis to do so.  Though outside the scope of this motion, the public body contracting party to this contract never designated the project as a public works project, never issued a wage schedule, and the bid solicitation never included any wage schedule.  In any event, as currently pleaded, absent necessary prevailing wage allegations, the plaintiffs' Complaint fails to state a claim for violation of the Massachusetts prevailing wage law.

### 2.  Plaintiffs' overtime claim derives from the prevailing wage claim.

The plaintiffs' claim for allegedly deficient overtime payments (Count II) derives from their prevailing wage claim.  Put another way, Count II presumes an overtime wage deficiency because NH Boring did not calculate overtime according to the prevailing wage rates, *see* Complaint ¶ 24.  The plaintiffs' failure to state a claim for prevailing wages compels dismissal of their related claim in Count II.

### 3.  The plaintiffs fail to state a claim for quantum meruit.

In Count IV, the plaintiffs assert a claim for quantum meruit—a cause of action which this Court has recognized is "a species of unjust enrichment."  *Depianti v. Jan-Pro Franchising*

---

Congress amended the Act to provide for predetermination of wages . . . so that the contractor may know definitely in advance of submitting his bid what his approximate labor costs will be").  *See Cullipher v. Weatherby-Godbe Const. Co.*, 570 S.W.2d 161, 164 (Tex. Civ. App. 1978) ("The only evidence presented shows that the School District took no action to adopt a wage rate schedule until January 9, 1974, a time after which all the pertinent contracts had been issued. The workers are thus precluded from recovery because no prevailing wage rate schedule had been determined 'in dollars and cents' by the School District prior to the call for bids and the signing of the contract.").

*Intern., Inc.*, 39 F. Supp.3d 112, 142 (D. Mass 2014) (quotation omitted).  The contractual nature of the plaintiffs' employment relationship precludes any unjust enrichment claim because the plaintiffs possess an adequate remedy at law.

Unjust enrichment is only available "in the absence of an adequate remedy at law." *Regional Home Care, Inc. v. IKON Office Solutions, Inc.*, 2011 WL 5842374, *6 (Mass. Super. 2011); *Smith v. Jenkins*, 626 F. Supp.2d 155 (D. Mass. 2009) (identifying "absence of a remedy provided by law" as essential element of an unjust enrichment claim), *rev'd on other grounds*, 732 F.3d 51 (1st Cir. 2013).

The availability of a claim for breach of contract precludes an unjust enrichment claim. *See Adelphia Agios Demetrios, LLC v. Arista Development, LLC*, 2014 WL 1399411, *4 (D. Mass. 2014) ("Arista's breach of contract claim provides an adequate remedy at law for the damages that might be awarded for unjust enrichment.").  "It makes no difference whether a party ultimately prevails on its claims seeking legal remedies; their mere availability is a bar to a claim of unjust enrichment." *Id.* * 5.  (emphasis added); *see also Fernandes v. Havkin*, 731 F. Supp. 2d 103, 114 (D. Mass. 2010) (holding that negligence and Chapter 93A claims precluded unjust enrichment claim); *C.A. Acquisition Newco, LLC v. DHL Exp. (USA), Inc.*, 795 F. Supp. 2d 140, 147 (D. Mass. 2011) ("Yet, while a party can plead breach of contract and unjust enrichment in the alternative, a party is nonetheless precluded from pleading unjust enrichment where, as here, the existence of an express contract is not in doubt.").  The plaintiffs, who acknowledge existence of an employment relationship (*see* Complaint ¶ 19) but opted not to bring a breach of contract action, have an adequate remedy at law and therefore fail to state a claim for quantum meruit.

In addition, in the absence of the public body's (1) designation of the Contract at issue as a prevailing wage contract, (2) failure to issue a wage schedule, and (3) failure to include the wage schedule in the solicitation to bid, no quantum meruit claim by Plaintiffs against NH Boring can lie.  Though Count Four is thinly pleaded, logically, quantum meruit could lie only if (1) the contract was a prevailing wage contract, (2) NH Boring bid it as such, (3) NH Boring received payments based on the prevailing wage schedule, and (4) NH Boring did not pay prevailing wages, and, therefore, retained something due to the Plaintiffs.  Without the necessary prevailing wage allegations, therefore, no quantum meruit claim can lie because the plaintiffs lack allegations that support any claim that NH Boring has unjustly retained something due to them.

Even assuming otherwise, the plaintiffs lack any ability to sue the individual defendants (Mr. Garside and Ms. Burne) for quantum meruit.  "Although chief executives of employers may be personally liable for the non-payment of wages under the Massachusetts Payment of Wages Act, *see* Mass G.L. c. 148, § 149, no such principle applies to hold individuals liable for the contracts they enter into on behalf of known employers."  *Welgoss v. Dep't of Transp.*, 2013 WL 4007929, at *4 (Mass. Super. June 21, 2013).

**4.  The plaintiffs fail to allege facts to support their request for class certification.**

The plaintiffs bring this action as a putative class action.  The plaintiffs base their claim for class relief on the allegation that, "[u]pon information and belief, the unlawful conduct set forth herein . . . affects all other employees similarly situated to O'Leary and Leonard."  Complaint ¶ 30.  But this Court recently observed in *Landry v. Peter Pan Bus Lines, Inc.*, 2009 WL 9417053 (D. Mass. 2009), that the plaintiffs must plead sufficient facts to establish all of the

requirements set forth in Federal Rule of Civil Procedure 23, such as numerosity, common questions of law or fact, and typicality of the claims.

The Complaint lacks factual allegations supporting a claim for class relief.  For example, the plaintiffs allege nothing to suggest that "the class is so numerous that joinder of all members is impracticable."  *Fed. R. Civ. Proc.* 23(a)(1) or any other allegations that Rule 23 requires.  As such, the plaintiffs have failed to state a claim for class relief.  *See Landry*, 2009 WL 9417053, *1 ("While the complaint adequately pleads plaintiff's individual claims, which defendant does not challenge, it does not set forth factual allegations creating a "plausible" entitlement to relief for anyone other than himself."); *see also Thomas v. Cendant Mortgage,* 2005 WL 579903, *1 (E.D. Pa. 2005); *In re Iowa Ready–Mix Concrete Antitrust Litigation,* 768 F. Supp.2d 961, 974–976 (N.D. Iowa 2011).

### V.       Conclusion

For the reasons set forth above, the plaintiffs have failed to allege a viable claim in Counts II, III and IV, warranting dismissal of those counts.  The plaintiffs have also stated no basis for class-wide relief, warranting dismissal of the class action request in the Complaint.

Respectfully submitted,

**NEW HAMPSHIRE BORING, INC., THOMAS A. GARSIDE, JAYNE F. BURNE**

By their attorneys,

**DEVINE, MILLIMET & BRANCH, P.A.**

Dated:  August 5, 2015          _____/s/ Daniel E. Will_____
Daniel E. Will, Esq. (BBO No. 629215)
111 Amherst Street
Manchester, NH 03101
(603) 669-1000
dwill@devinemillimet.com

**CERTIFICATE OF SERVICE**

I, Daniel E. Will, hereby certify that a copy of the foregoing was filed on this 5th day of August 2015 via the Court's Electronic Filing System, which will cause a copy to be served by electronic mail upon counsel of record for all parties.

                                                /s/ Daniel E. Will

                                         Daniel E. Will