UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASON P. O'LEARY; and RICHARD P. LEONARD, individually and on behalf of all others similarly situated,<br>    Plaintiffs,<br><br>v.<br><br>NEW HAMPSHIRE BORING, INC.; THOMAS A. GARSIDE; and JAYNE F. BURNE,<br>    Defendants. | C.A. No. 1:15-cv-12335-DLC |

## **OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

**I.  INTRODUCTION**

Plaintiffs Jason P. O'Leary and Richard P. Leonard, individually and on behalf of all others similarly situated (collectively "Plaintiffs" or "Employees"), oppose the motion filed by defendants New Hampshire Boring, Inc., Thomas A. Garside and Jayne F. Burne (collectively "Defendants" or "NHB"), seeking to dismiss the Complaint for failure to state a claim for which relief can be granted. *See* FED. R. CIV. P. 12(b)(6).

**II.  FACTUAL BACKGROUND**

The facts as alleged in the Complaint are relatively straightforward. NHB contracted with the Massachusetts Bay Transportation Authority ("MBTA") and the Massachusetts Department of Transportation ("MassDOT") to supply services such as boring, drilling and other construction related services for the Green Line Extension ("GLX") project. *See* COMPLAINT [DKT. 1] ("C"), at ¶ 10. The Employees were hired by NHB as drillers who performed soil explorations and test borings at various sites along the projected GLX route. *Id.*, at ¶¶ 19-20. The Employees' work was subject to the Massachusetts Prevailing Wage Law. *Id.*, at ¶ 17.

1

Consequently, the Employees were subject to be paid at the prevailing wage rate. *Id.*, at ¶ 22. Because they were paid less than the mandated prevailing wage rate, the Employees filed this four count Complaint alleging the following:

- **Count I**: Violations of the Massachusetts Wage Act (for unlawful deductions)
- **Count II**: Failure to pay overtime wages
- **Count III**: Violations of the Prevailing Wage Law
- **Count IV**: Quantum Meruit

The Employees filed this Complaint individually, and on behalf of all others similarly situated. *See id.* On August 8, 2015, NHB filed a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). It challenged the sufficiency of Counts II, III and IV only. *See* DEFENDANTS' MOTION TO DISMISS [Dkt. 13]. It also sought to strike the class allegations from the Complaint. *Id.*

### III. ARGUMENT

#### A. THE COMPLAINT SUFFICIENTLY PLED THE ULTIMATE FACT THAT THE EMPLOYEES' WORK WAS SUBJECT TO THE PREVAILING WAGE LAW

As is apparent from the factual recitation above, this case is far from complex and the factual predicates are clearly articulated in the Complaint. NHB's main issue with the Complaint is not that it fails to allege that the GLX project was subject to the Prevailing Wage Law – it does. *See* C., at ¶ 17 ("[a]t all times relevant hereto . . . all work was subject to the Massachusetts Prevailing Wage Law"). Instead, NHB seeks dismissal of the Prevailing Wage Law cause of action (i.e., Count III) because it claims that the Complaint should have itemized each and every precise detail of the Prevailing Wage Law – as minor as such details may be. Such an itemized requirement has never been required under the notice pleading standard or *Iqbal* and its progeny. *See* FED. R. CIV. P. 8(a) (a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *see also Ocasio-Hernandez*

*v. Fortuno-Burset*, 640 F.3d 1, 8 (1st Cir. 2011) citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("a 'short and plain' statement **does not need detailed factual allegations** . . . [it] merely requires sufficient detail in the complaint to give a defendant fair notice of the claim and the grounds upon which it rests") (emphasis supplied). Of course, it is well-settled law that factual allegations in a complaint are accepted as true. While <u>legal conclusions</u> require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *Twombly*, 550 U.S., at 555; <u>factual allegations</u> in a complaint are accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). *Iqbal* does not require a plaintiff to plead its case with the utmost of specificity – after all, Rule 8's "short and plain" limitations are still enforced today[1] – it merely requires a plaintiff to provide more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*, at 678. Thus, while NHB may disagree that this public works job was a prevailing wage job, the Court must accept this allegation as true for purposes of testing the viability of the Complaint. *See id*.

Relying on *McGrath v. ACT, Inc.*, 2008 WL 511507 (Mass. App. Div. 2008), NHB argued that the minutiae concerning the contract between NHB, MBTA and MassDOT must be pled, as these contract specifics are essential elements to a Prevailing Wage Act claim. NHB's reliance on *McGrath* is misguided. First, in an attempt to mislead this Court, NHB improperly stated that the *McGrath* case was from "the Massachusetts Appeals Court." *See* MEMO, at pp. 5. In fact, the *McGrath* decision emanates from the Southern District of the Appellate Division of the District Court – not the Appeals Court of Massachusetts – whose decisions have no precedential value and do not bind this Court. *See, e.g., Patch v. Plymouth Cnty. Sheriff's Dep't*, 922 N.E.2d 862 (Mass. App. Ct. 2010) (Rule 1:28 Decision) (Appellate Division cases "are not

---

[1] *See, e.g.*, *Kuehl v. F.D.I.C.*, 8 F.3d 905, 906 (1st Cir. 1993) (dismissing complaint for failing to conform with concise pleading requirement of FED. R. CIV. P. 8).

binding precedent"); *Weber v. Cronin,* No. MICV2001-04346-L; 2003 WL 25292678, n. 3 (Appellate Division cases not binding on Superior Court); *Chickel v. Mass. Bay Transp. Auth.*, 2001 WL 1558784, at * 2 (Mass. App. Div. Nov. 30, 2001). Substantively, NHB's reliance on *McGrath* fares no better. If anything, *McGrath* sets out subsidiary facts that must be proven for an employee to prove the ultimate fact that a job was subject to the Prevailing Wage Law. In *McGrath*, the Appellate Division reviewed the Brockton District Court's grant of summary judgment in favor of an employer based on the employee's failure to prove these subsidiary facts. It affirmed the decision because the summary judgment record before the Appellate Division did not contain evidence to prove the ultimate fact that the work performed by McGrath was a prevailing wage job. Here, the Court need not conduct such a vigorous factual inquiry because this Court must accept factual allegations – including the allegation that this was a prevailing wage job – as true. *Iqbal*, 556 U.S., at 679. What NHB wants this Court to do is to summarily dismiss the Complaint without giving the Employees the opportunity to fully investigate these subsidiary facts, without permitting any discovery as to these subsidiary facts, and (as discussed below) without giving the Employees leave to amend the Complaint to allege these subsidiary facts if, in fact, they must be pled. NHB's position is untenable as Rule 8's notice pleading standard and the Supreme Court's *Iqbal* standard does not require a plaintiff to fully prove or even fully allege each such subsidiary fact at this juncture, as it is the ultimate fact (i.e., that this is a Prevailing Wage Law job), accepted as true, that puts NHB on notice that the Employees have a colorable legal theory that is plausible on its face.

Even assuming that the small list of subsidiary facts set out in *McGrath* are necessary elements to a Prevailing Wage Law claim – and the Complaint's statement that this was a Prevailing Wage Law job was insufficient for purposes of FED. R. CIV. P. 8 – the simple fix

4

would be to grant the Employees leave to amend the Complaint to include these minor subsidiary details. Although NHB argues that the Employees lack a good faith basis to allege that the project was designated as a prevailing wage job, that the MBTA/MassDOT issued a wage rate schedule, or that the designation or wage schedule appeared in the advertisement or bid solicitation, s*ee* MEMO., at ¶ 7; a simple Google search proves otherwise. *See, e.g.*, MASS. BAY TRANSP. AUTH., "*Public Announcement of Request for Letters of Interest for CM/GC on the Green Line Extension Project,*" at pp. 2 (Dec. 7, 2012) (bid solicitation for the GLX project clearly states that "**[t]he project will be subject to the minimum wage rates set under the Massachusetts Prevailing Wage Laws**") (emphasis supplied).[2] Thus, if NHB's issue with the Complaint is that it failed to articulate these minor subsidiary facts, the Employees have a good faith basis to plead these facts and should be granted leave to amend the Complaint to satisfy NHB's gripe. Leave to amend is far more equitable a resolution than the severe penalty of dismissal – the effect of which would be to allow NHB to avoid paying the prevailing wages owed to its Employees (i.e., the wages it knew it had to pay its Employees when it submitted a bid for the job) based on a nuanced technicality that can be easily fixed by amendment.

    **B.**    <u>OVERTIME WAGES MUST BE PAID AT 1.5 TIMES THE PREVAILING WAGE</u>

NHB next argues that the overtime wage claim (i.e., Count II) must be dismissed as it is predicated solely on the success of the Prevailing Wage Law claims. Overtime must be calculated at one and a half times an employee's regular wage rate. *See* G. L. c. 151, § 1A. Where the wage rate is a prevailing wage, the proper overtime wage rate is one and a half times

---

[2]http://www.mbta.com/uploadedfiles/Business_Center/Bidding_and_Solicitations/Design_and_Construction/GLXC MGCRLOI20121207.docx (accessed August 21, 2015). *See* COPY OF BID SOLICITATION, attached herewith as "Exhibit A." The MBTA's bid solicitation is attached to this motion to illustrate the good faith basis the Employees have to allege that the job was subject to the Prevailing Wage Law. It is not intended to convert this motion to one for summary judgment, as the Employees expressly reserve the right to conduct discovery prior to the Court considering any FED. R. CIV. P. 56 motion.

5

the prevailing wage. *See Mullally v. Waste Management of Mass., Inc.*, 895 N.E.2d 1277, 1280-1281 (Mass. 2008). The Complaint alleged that NHB paid Leonard and O'Leary the overtime rate of $30.00 and $22.50 per hour, respectively, instead of one and a half times the prevailing wage rate (i.e., $82.35). *See* C., at ¶¶ 24-26. For purposes of adjudicating this motion to dismiss, the Court must accept these factual allegations as true and the overtime claims (Count II) must survive. Moreover, because the Prevailing Wage Law claims survive (as discussed above), so, too, should the overtime wage claims.

### C. THE QUANTUM MERUIT CLAIM IS AN ALTERNATE THEORY OF RELIEF

NHB also challenges the Employees' quantum meruit cause of action (Count IV) arguing that this equitable remedy is precluded because the Employees have an adequate remedy at law. *See* MEMO, at pp. 8. This argument is not compelling and expressly contradicted by the Massachusetts Supreme Judicial Court's ("SJC") holding in *Lipsitt v. Plaud*, 994 N.E.2d 777, 790 (Mass. 2013) ("[b]ecause the Legislature did not intend the Wage Act to be the exclusive remedy for the recovery of unpaid wages, Lipsitt's common-law claims for breach of contract and quantum meruit should not have been dismissed"). The Employees' quantum meruit cause of action was pled as an alternate theory of relief. *See* FED. R. CIV. P. 8(a)(3) (a Complaint "may include relief in the alternative or different types of relief"); *see also J.A. Sullivan Corp. v. Commonwealth*, 494 N.E.2d 374, 377 (Mass. 1986). Obviously, the Employees' primary causes of action are the Wage Act, Prevailing Wage Law, and unpaid overtime statutory claims, as these all come with mandatory treble damages and attorneys' fees awards. However, to the extent these statutory causes of action fail, the Employees are still entitled to compensation under a quantum meruit theory. This is particularly apt where, as here, NHB argued (albeit without evidentiary support) that the Prevailing Wage Law does not apply because the MBTA and/or MassDOT failed to perform all necessary tasks to convert this job into prevailing wage job. If,

after the completion of discovery, it is determined that the conduct of the public bodies deprived the Employees of the right to pursue their prevailing wage, the Employees are still entitled to compensation for work they were told was a prevailing wage job, and work that NHB bid fully anticipating that it would be required to pay its Employees a prevailing wage. Thus, these statutory and equitable theories of relief may proceed concurrently, NHB's contention notwithstanding.

### D. NHB'S ATTEMPT TO DEFEAT THE CLASS IS PREMATURE

Fearful that it will have to pay all similarly situated employees the prevailing wages and overtime compensation that is owed, NHB has already begun an assault on the putative class. As a preliminary matter, the class allegations are not "claims;" thus, dismissal pursuant to FED. R. CIV. P. 12(b)(6) for failing to state a claim for which relief can be granted is procedurally improper. Instead, NHB's request should be treated as a motion to strike the class allegations. *See* FED. R. CIV. P. 12(f). NHB's attempt to misclassify its motion to strike as a motion to dismiss is intended to conceal its tardiness. A motion to strike under Rule 12(f) must be made "either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." FED. R. CIV. P. 12(f). NHB did not file this motion before responding to the Complaint. On this basis alone, the motion to strike the class allegations should be denied. NHB's tardiness notwithstanding, the Court should deny this request for two reasons: (1) motions to strike class allegations are strongly disfavored; and (2) to the extent any of the FED. R. CIV. P. 23 elements are not satisfied, a class can be maintained pursuant to G. L. c. 149, §§ 27, 150 and G. L. c. 151, § 1B.

    1.    MOTIONS TO STRIKE CLASS ALLEGATIONS ARE STRONGLY DISFAVORED AND SUCCEED ONLY WHEN IT IS OBVIOUS FROM THE PLEADINGS THAT CLASS CERTIFICATION IS IMPOSSIBLE

The First Circuit strongly disfavors motions to strike at the pleading stage, choosing

instead to address the issue at the class certification stage. For a case to proceed as a class action under FED. R. CIV. P. 23, a plaintiff need only plausibly allege "the existence of a group of putative class members whose claims are susceptible of resolution on a classwide basis." *Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 59 (1st Cir. 2013) (vacating lower court order striking the class action allegations from the complaint). In *Manning*, the court made clear that motions to strike in general are "disfavored" as a "drastic remedy," and that motions to strike class allegations in particular are "even more disfavored" because they "require[] a reviewing court to preemptively terminate the class aspects of litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification." *Id.* (citation omitted).[3] Thus, *Manning* held that "a court should typically await the development of a factual record before determining whether the case should move forward on a representative basis." *Id.*; *see also Medeiros v. BRK Brands, Inc.*, CIV.A.08-10967-GAO, 2010 WL 1222627, at *3 (D. Mass. Mar. 30, 2010) (O'Toole, J.) (denying motion to strike class allegations where "[w]hether the class proposed in the complaint, or any other class, can or should be certified under Rule 23 is a substantial question that is not now ripe for resolution"). Here, as in *Manning*, the Employees have plausibly alleged the existence of a group of putative class members whose claims are susceptible of resolution on a class-wide basis, and this Court should await the development of a full factual record before ruling on class certification.

---

[3] Numerous other courts agree; motions to strike class allegations are disfavored because plaintiffs are entitled to discovery on class certification. See, e.g., *Mazzola v. Roomster Corp.*, 849 F. Supp. 2d 395, 410 (S.D.N.Y. 2012); *Winfield v. Citibank*, N.A., 842 F. Supp. 2d 560, 573 (S.D.N.Y. 2012); *Chen–Oster v. Goldman, Sachs & Co.*, 877 F. Supp. 2d 113, 117 (S.D.N.Y. 2012); *New York State Elec. & Gas Corp. v. U.S. Gas & Elec., Inc.*, 697 F. Supp. 2d 415, 438 (W.D.N.Y. 2010); *Ironforge.com v. Paychex, Inc.*, 747 F. Supp. 2d 384, 404 (W.D.N.Y. 2010); *Francis v. Mead Johnson & Co.*, No. 10–cv–00701–JLK, 2010 WL 3733023, at *1 (D. Colo. Sept. 16, 2010); *Kazemi v. Payless Shoesource Inc.*, No. C 09–5142, 2010 WL 963225, at *2 (N.D. Cal. Mar. 16, 2010); *Paikai v. Gen. Motors Corp.*, 2:07–cv–00892, 2009 WL 275761, at *11 (E.D. Cal. Feb. 5, 2009); *Bryant v. Food Lion, Inc.*, 774 F.Supp. 1484, 1495 (D.S.C. 1991).

## 2. THE EMPLOYEES MAY CERTIFY A CLASS UNDER MASS. GEN. LAWS CH. 149, §§ 27 AND 150, AND MASS. GEN. LAWS CH. 151 § 1B

In its motion, NHB argued <u>only</u> that the Employees class allegations cannot be maintained pursuant to FED. R. CIV. P. 23. While the Employees contend that class certification under Rule 23 will ultimately be appropriate when it comes time to certify the class, class certification of the Prevailing Wage Law, Wage Act and Overtime Law claims are also proper under the standards set forth in G. L. c. 149, §§ 27 and 150 and G. L. c. 151, § 1B. Section 150 provides, in relevant part, that "an employee claiming to be aggrieved by a violation of [the Wage Act] may . . . institute and prosecute in his own name and on his own behalf, or for himself and for others similarly situated, a civil action for injunctive relief, for any damages incurred, and for any lost wages and other benefits." This is functionally equivalent to the language set forth in G. L. c. 149, § 27 and G. L. c. 151, § 1B.

The SJC has interpreted these statutory provisions as conferring a substantive right to bring class claims, <u>separate and independent</u> from Rule 23's procedural mandates. *See Machado v. System4 LLC*, 989 N.E.2d 464, 470 (Mass. 2013) ("the Wage Act provides for a substantive right to bring a class proceeding"). "These policy rationales include the deterrent effect of class action lawsuits and, unique to the employment context, the desire to allow one or more courageous employees the ability to bring claims on behalf of other employees who are too intimidated by the threat of retaliation and termination to exercise their rights under the Wage Act." *Id.*, n. 12. The SJC has further cautioned against equating Rule 23(a) requirements with the statutory requirements that only require the parties seeking certification be "similarly situated." *See Kuehl v. D&R Paving, LLC*, 2011 Mass. Super. LEXIS 69, *3 (Mass. Super. Ct. May 6, 2011) citing *Salvas v. Wal-Mart Stores, Inc.*, 893 N.E.2d 1187, 1214, n. 66 (2008); *see also Fletcher v. Cape Cod Gas Co.*, 477 N.E.2d 116, 123 (Mass. 1985) (although Rule 23

provides a "useful framework," certification of a class authorized by Massachusetts statute is appropriate upon the Court's finding that class members are "similarly situated" to the class representative).  As the *Kuehl* Court noted, a court has greater discretion to certify a class under Rule 23 than it would under G. L. c. 149, § 150.  *Kuehl*, 2011 Mass. Super. LEXIS 69, at * 3.[4]  Accordingly, because NHB does not challenge the ability to proceed as a class under these statutory provisions, it would be improper to strike the class allegations.

## IV. CONCLUSION

For the reasons articulated herein, each of the four causes of action sets forth colorable claims for relief and NHB's attempts to strike the class allegations are premature.  However, to the extent the Court believes it is necessary to articulate both the subsidiary and the ultimate facts giving rise to the Prevailing Wage Law claims, the Employees respectfully request leave to amend the Complaint accordingly.

Respectfully submitted,

*/s/ Joshua N. Garick*

Joshua N. Garick (BBO #674603)
LAW OFFICES OF JOSHUA N. GARICK, P.C.
100 TradeCenter, Suite G-700
Woburn, Massachusetts 01801
Phone:  (617) 600-7520
Joshua@GarickLaw.com

*Counsel for Plaintiffs and the Class*

Dated:  August 22, 2015

---

[4] Despite discussing the Wage Act's more lenient standard for class certification, the *Kuehl* Court concluded that it would have reached the same conclusion under either standard.  *See id*.

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on August 22, 2015.

      /s/ Joshua N. Garick

      ———————————————

      Joshua N. Garick, Esq.

Dated:  August 22, 2015