UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASON P. O'LEARY, and RICHARD P. LEONARD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEW HAMPSHIRE BORING, INC., THOMAS A. GARSIDE and JAYNE F. BURNE,<br><br>Defendants. | Case No. 1:15-CV-12335-DLC |

## REPLY MEMORANDUM IN SUPPORT OF THE DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR RELIEF
### [LEAVE TO FILE GRANTED ON SEPTEMBER 11, 2015 (DOC. NO. 22)]

NOW COME the Defendants New Hampshire Boring, Inc., Thomas A. Garside, and Jayne F. Burne ("Defendants"), by and through their attorneys Devine, Millimet & Branch, P.A., and respectfully submit the following reply memorandum in support the defendants' motion to dismiss for failure to state a claim for relief (Doc. No. 13).

## INTRODUCTION

The plaintiffs' objection to the motion to dismiss reveals a purpose that federal civil procedure rejects and that few courts countenance: the filing of a bare bones complaint with the hope of using discovery to fish up some evidence or create time and expense risks that make the defendant amenable to just trying to settle the case. Rather than conduct any searching investigation of the basis for their prevailing wage claims, the plaintiffs have conducted a post filing Google search, found an unidentified document about a different project, and ask this Court to accept it without more as a "good faith" basis to support an amendment to the

complaint. Rather than offer this Court authority against the unremarkable proposition that a claim for quantum meruit cannot lie when an undisputed contractual relationship forms the basis of the claims, plaintiffs argue about the irrelevant question of whether the prevailing wage statute allows a quantum meruit claim.

When pared to its essence, the plaintiffs have filed a complaint that does not meet the pleading threshold to survive a motion to dismiss, and the plaintiffs offer this Court no basis on which to conclude that any amendment they might make would save their claims. As such, dismissal of Counts II, III and IV per the defendants' motion is proper pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I. The Plaintiffs Identify No Basis to Avoid Dismissal of Their Prevailing Wage and Related Overtime Claims (Counts II and III)

The plaintiffs' opposition asserts, erroneously, that this Court must accept the allegation in the plaintiffs' Complaint that "given the nature of the public construction project, all work was subject to the Massachusetts Prevailing Wage Law." Complaint ¶ 17. Bare legal conclusions such as paragraph 17 do not meet the pleading threshold. This Court "is not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain,* 478 U.S. 265 (1986)). The Complaint, stripped of its bare legal conclusion concerning the applicability of the prevailing wage law, fails to allege the necessary predicate facts to establish any such claim.

The plaintiffs' alternative argument—for leave to amend the Complaint—tacitly acknowledges that, in order to state a claim for violation of Massachusetts' prevailing wage law (which is the foundation for Counts II and III), the Complaint must, but does not currently, allege that (1) a public body or official designated the work as a "prevailing wage" project, (2) a public body or official issued a wage rate schedule, and (3) that the designation and wage rate schedule

appeared in the advertisement or bid solicitation. *See* M.G.L. c. 149, § 27; *McGrath v. ACT, Inc.*, 2008 WL 5115057 (Mass. App. Div. 2008); *Tomei v. Corix Utilities, Inc.*, 2009 WL 2982775, *12 (D. Mass. 2009) (citing and applying *McGrath*).

As either a basis to avoid dismissal or justification for the request for leave to amend, the plaintiffs have provided the Court an (unverified) document from the MBTA soliciting "Letters of Interest" for certain (unspecified) construction management work on the Green Line Extension project. That document, however, does not save the plaintiffs' prevailing wage and related claims. As a procedural matter, parties may not oppose a motion to dismiss by submitting documents extrinsic to, and not referenced within, the Complaint. *See*, *e.g*., *Quaak v. Dexia S.A.*, 357 F. Supp. 2d 330, 339 (D. Mass. 2005). Admitting that proposition, the plaintiffs purport to offer the document by way of establishing that they, in "good faith", may amend their complaint to add the necessary allegations. But the document the plaintiffs offer – whether to show good faith or support their claims – does neither.

Exhibit A to the plaintiffs' opposition (Doc. No. 19-1) is not, as the plaintiffs suggest, the bid solicitation that led to retention of New Hampshire Boring. The document is part of the process of seeking construction managers for the phased construction of the Green Line Extension project. *See* http://greenlineextension.eot.state.ma.us/about_contractStatus.html ("Phases 2 through 4 of the project [which] will utilize a contract delivery method called Construction Manager/General Contractor"). New Hampshire Boring's subcontract related to an entirely different project—"Advanced Preliminary/Final Design" engineering services. *See id*. (referencing same). Nobis, a subconsultant, subcontracted New Hampshire Boring. *See* Ex. 1 (Subcontract Part I). To the extent this Court delves into its substance, Exhibit A to the plaintiffs' opposition concerns an entirely separate project.

The Court need look no further than the dates of (and within) plaintiffs' Exhibit A to determine that Exhibit A is not related to the prime contract for which New Hampshire Boring subcontracted. New Hampshire Boring's subcontract is dated March 15, 2013 (and subsidiary to an earlier Nobis subconsulting contract). Plaintiffs' Exhibit A, on the other hand, is dated December 7, 2012 and marks the first of several steps in 2013[1] culminating in the retention of a construction manager "by late spring of 2013." *Id*. In short, during the selection process in plaintiffs' Exhibit A, New Hampshire Boring had already been subcontracted.

To summarize, Exhibit A to the plaintiffs' opposition does not cure the pleading deficiencies in the Complaint, nor does it supply any basis upon which to allege that New Hampshire Boring's contract met all of the elements of a prevailing wage claim. As such, the plaintiffs offer this Court no basis on which to amend the complaint. *See Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 409 (8th Cir. 1999) ("[P]arties should not be allowed to amend their complaint without showing how the complaint could be amended to save the meritless claim.").

## II. Plaintiffs State No Quantum Meruit Claim

The plaintiffs do not dispute that they lack any ability to sue the <u>individual</u> defendants for quantum meruit, meaning that they concede that those claims should be dismissed. With respect to the plaintiffs' quantum meruit claim against New Hampshire Boring, the plaintiffs, taking aim at a straw man, argue that Massachusetts' wage act claims do not preclude a quantum meruit claim. But New Hampshire Boring does <u>not</u> argue that any provisions of the wage statutes bar a quantum meruit claim.

---

[1] The document states that after collecting letters of interest, the MBTA will proceed to issue "a Request for Qualifications ("RFQ"), anticipated to be issued in January, 2013, and a subsequent Request for Proposals ("RFP"), anticipated to be issued in February/March, 2013." Plaintiffs' Exhibit A at 1.

New Hampshire Boring argues that the plaintiffs' (undisputed) contract for employment bars the plaintiffs from asserting any quantum meruit claim. For their part, the plaintiffs offer no response to that assertion and no authority supporting their pursuit of a quantum meruit[2] claim in the face of an undisputed employment relationship. That is because it is well-established that "the existence of the express employment contract between the parties precludes recovery under quasi-contract theories, including unjust enrichment and quantum meruit." *Griep v. Yamaha Motor Corp. U.S.A.*, 120 F. Supp. 2d 1196, 1200 (D. Minn. 2000); *e.g.*, *York v. Zurich Scudder Investments, Inc.*, 66 Mass. App. Ct. 610, 619-20 (2006) (granting summary judgment on quantum meruit claim where both parties "agree that a contract in some form governed York's employment"). Even at the pleading stage, the plaintiffs lack the ability to assert any quantum meruit claim in the alternative because there is no dispute that the plaintiffs served as employees of New Hampshire Boring. *See C.A. Acquisition Newco, LLC v. DHL Exp. (USA), Inc.*, 795 F. Supp. 2d 140, 147 (D. Mass. 2011) ("Yet, while a party can plead breach of contract and unjust enrichment in the alternative, a party is nonetheless precluded from pleading unjust enrichment where, as here, the existence of an express contract is not in doubt.").

### III. The Plaintiffs Have Identified No Basis for Class Relief

The plaintiffs argue that their class action requests for relief should be allowed to proceed at least to the discovery phase of this case.[3] Although the plaintiffs may be correct that class

---

[2] The plaintiffs' "quantum meruit" claim is mislabeled. Quantum meruit is "a species of unjust enrichment." *Depianti v. Jan-Pro Franchising Intern., Inc.*, 39 F. Supp.3d 112, 142 (D. Mass 2014) (quotation omitted).

[3] The plaintiffs argue that relying on Rule 12(b)(6) to eliminate the class-related allegations is "procedurally improper". Plaintiffs' Opposition at 7; *but see* 5C C. Wright et al, *Federal Prac. & Proc.* § 1380 (3d ed.) (observing that Rule 12(f) "is neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint"). In any event, the Defendants expressly requested in their motion to dismiss that the Court dismiss and/or strike those allegations. The Defendants' request to strike is not untimely, as the plaintiffs assert. The Defendants have not yet answered the Complaint and have therefore not yet "responded" to the Complaint within the meaning of Rule 12(f). *See id.* n. 13 (digesting numerous cases addressing timeliness of Rule 12(f)

action allegations should not be scrutinized too rigorously at the pleading stage, the plaintiffs have alleged no class-specific facts at all to scrutinize.

This is not a situation in which a party makes factual allegations in the Complaint concerning a putative class, and further factual investigation would assist resolution of the class certification issue. This is a situation in which the plaintiffs purport to represent a class, but make no effort to explain the characteristics of the purported class or why those characteristics satisfy Rule 23. The Court need look no further than Rule 23(a)(1)'s numerosity requirement to determine that the Complaint, which is bereft of any facts concerning the number of affected individuals, states no basis for class-wide relief. *Compare Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 132 (1st Cir. 1985) (class certification inappropriate where it would be practical for all allegedly affected persons to "join or be joined in a suit of named parties").

The plaintiffs further argue that the wage statutes in and of themselves confer upon the plaintiffs "a substantive right to bring class claims". Plaintiffs' Opposition at 9. However, the plaintiffs ignore that Federal Rule of Civil Procedure 23 is controlling as to procedural requirements. "Federal and not local standards . . . will determine the various procedural elements of the class action . . . ." 7A C. Wright, Fed. Prac. & Proc. § 1758 (3d. ed); *see also Garcia v. E.J. Amusements of New Hampshire*, Inc., 2015 WL 1623837, *2 (D. Mass. 2015) (analyzing wage claim certification under Federal Rule 23 rather than the allegedly more lenient Massachusetts statute)[4].

---

motions to strike with reference to the date of the answer). This Court, moreover, can invoke Rule 12(f) *sua sponte*. *See Fed. R. Civ. Proc.* 12(f)(1).

[4] The plaintiffs cite *Machado v. System 4LLC*, 465 Mass. 509 (2013) for the proposition that they need not satisfy the criteria of Federal Rule 23, but *Machado* (which is not controlling on this Court on the issue) held no such thing. *Machado* addressed class waivers in arbitration agreements—the decision did not even cite Rule 23.

**IV. Conclusion**

The Defendants respectfully request that the Court grant the Defendants' motion to dismiss for the reasons set forth above and in the Defendants' opening memorandum.

Respectfully submitted,

**NEW HAMPSHIRE BORING, INC., THOMAS A. GARSIDE, JAYNE F. BURNE**

By their attorneys,

**DEVINE, MILLIMET & BRANCH, P.A.**

Dated: September 14, 2015        /s/ Daniel E. Will
Daniel E. Will, Esq. (BBO No. 629215)
111 Amherst Street
Manchester, NH 03101
(603) 669-1000
dwill@devinemillimet.com

**CERTIFICATE OF SERVICE**

I, Daniel E. Will, hereby certify that a copy of the foregoing was filed on this 14th day of September 2015 via the Court's Electronic Filing System, which will cause a copy to be served by electronic mail upon counsel of record for all parties.

/s/ Daniel E. Will
Daniel E. Will