UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JASON P. O'LEARY; and RICHARD P. LEONARD, individually and on behalf of all others similarly situated, Plaintiffs, v. NEW HAMPSHIRE BORING, INC.; THOMAS A. GARSIDE; and JAYNE F. BURNE, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 1:15-cv-12335-DLC |

**MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY
IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

NOW COMES plaintiffs Jason P. O'Leary and Richard P. Leonard, individually and on behalf of all others similarly situated ("Plaintiffs") who request leave to file a supplemental authority in support of their opposition to Plaintiffs' Motion to Dismiss [Dkt. 13] for failure to state a claim for which relief can be granted.  *See* FED. R. CIV. P. 12(b)(6).

In the defendants' reply memorandum (leave granted September 11, 2015 [Dkt. 22]), defendants indicated that they sought dismissal of plaintiffs' quantum meruit claims because there was a viable contract claim as opposed to the statutory claims.  *See* REPLY MEMORANDUM [Dkt. 23] at pp. 4-5 ("New Hampshire Boring does not argue that any provisions of the wage statutes bar a quantum meruit claim.  New Hampshire Boring argues that the plaintiffs' (undisputed) contract for employment bars the plaintiffs from asserting any quantum meruit claim").  This issue was also raised at the oral arguments held on September 29, 2015.  Because the plaintiffs did not have a chance to brief this issue raised in defendants reply, but only had the opportunity to address it at oral arguments, the plaintiffs respectfully request leave to file a supplemental authority that squarely addresses this issue.  Specifically, on September 25, 2015, a District Judge of this Court was faced with the same issue and held that both contract related

1

claims and quantum meruit/unjust enrichment claims could proceed simultaneously.  *See Dorney v. Pindrop Security, Inc.*, No. 1:15-cv-11505-ADB, MEMORANDUM AND ORDER [Dkt. 18] (Sep. 25, 2015).  In this decision, the Court stated "[a]t this stage in the litigation, the existence of statutory and contractual claims does not necessitate the dismissal of Dorney's equitable quantum meruit/unjust enrichment claim.  *See id.*, at * 13, citing *Lass v. Bank of Am., N.A.*, 695 F.3d 129,140 (1st Cir. 2012) (holding that though breach of contract and unjust enrichment claims are mutually exclusive, both may proceed past the pleading stage); *Massachusetts v. Mylan Labs.*, 357 F. Supp. 2d 314, 324 (D. Mass. 2005) ("The Court need not resolve these issues at this stage of the proceeding, since [Plaintiff] may have to elect only one theory of recovery eventually, and will not force Plaintiff to choose its remedy at this stage of the litigation").

      WHEREFORE, because this issue was raised only in the defendants' reply memorandum and at oral arguments, and because the *Dorney* decision was issued just four days ago, plaintiffs respectfully request leave of court to consider this supplemental authority.  A copy of the *Dorney* case is attached herewith as "Exhibit A."

      Respectfully submitted,

      */s/ Joshua N. Garick*
      _____
      Joshua N. Garick (BBO #674603)
      LAW OFFICES OF JOSHUA N. GARICK, P.C.
      100 TradeCenter, Suite G-700
      Woburn, Massachusetts 01801
      Phone:  (617) 600-7520
      Joshua@GarickLaw.com

      *Counsel for Plaintiffs and the Class*

Dated:  September 29, 2015

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF) and paper copies will be sent to those indicated as non-registered participants on September 29, 2015.

                                                    */s/ Joshua N. Garick*