**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JASON P. O'LEARY; and RICHARD P. LEONARD, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | |
| v. | Civil Action No. 15-cv-12335-DLC |
| NEW HAMPSHIRE BORING, INC.; THOMAS A. GARSIDE; and JAYNE F. BURNE, | |
| Defendants. | |

**MEMORANDUM AND ORDER ON DEFENDANTS NEW HAMPSHIRE BORING, INC., THOMAS GARSIDE, AND JAYNE BURNE'S MOTION TO DISMISS**
**(Dkt. No. 13)**

CABELL, U.S.M.J.

Plaintiffs Jason O'Leary and Richard Leonard (the plaintiffs) worked for the defendant New Hampshire Boring, Inc. (NH Boring), a company that performs construction related services. The plaintiffs allege that they and other employees were underpaid for certain work they performed and they have brought a four count proposed class action suit against the company, its president, Thomas Garside (Garside), and its treasurer, Jayne Burne (Burne). The defendants have moved to dismiss three of the counts as well as the class allegations. (Dkt. No. 13). For the reasons stated below, the motion to dismiss is granted in part and denied in part.

**I.    RELEVANT FACTS**

The facts taken in the light most favorable to the plaintiffs are as follows. In 2013 NH Boring contracted with the Massachusetts Bay Transit Authority (MBTA) and the Massachusetts Department of Transportation (MassDOT) to perform boring and drilling work on a project whose

1

purpose was to extend the MBTA's green line in Somerville and Cambridge.  Both plaintiffs worked for NH Boring at the time and both worked on the project.[1]  According to the complaint, the green line extension was a public construction project and was therefore subject to the Massachusetts prevailing wage law, which requires minimum hourly wages to be set by the Department of Labor (DOL).  The employer must pay these wages and in addition may not deduct more than an authorized amount.

O'Leary and Leonard claim that the defendants failed to pay them and other NH Boring employees who worked on the project prevailing wages for their work, and moreover deducted too much money from their pay.  According to the complaint, the prevailing wage was $54.90 per hour and $82.35 for any overtime.  O'Leary claims he was paid $15.00 per hour for his regular work and $22.50 per hour for overtime, while Leonard claims to have been paid $20.00 per hour for his regular work and $30.00 per hour for overtime.  The plaintiffs filed wage complaints with the Massachusetts attorney general's office and were subsequently authorized to pursue a lawsuit on behalf of themselves and other similarly situated employees.

## II.    THE MOTION TO DISMISS

The complaint advances four claims.  Count One alleges that the defendants made unlawful deductions from the plaintiffs' pay, in violation of M.G.L. c. 149, § 148.  Count Two alleges that the defendants failed to pay the plaintiffs time and a half for any hours worked in excess of 40 hours per week, in violation of M.G.L. c. 151, § 1A.  Count Three alleges that the defendants failed to pay the plaintiffs pursuant to the prevailing wage rate established by the DOL, in violation of M.G.L. c. 149, § 27.  Finally, Count Four alleges a claim of quantum meruit.

---

[1] Leonard worked on the project from March of 2013 to May of 2013, and both plaintiffs worked on the project from August of 2013 through April of 2014.

The defendants move to dismiss Counts Two through Four.  They argue that Count Three (failure to pay the prevailing wage), the principal claim, must be dismissed because the complaint fails to allege that (1) a public body or official designated the public works project as a prevailing wage project; (2) the Commissioner issued a wage rate schedule; and (3) the schedule of rates was included within the advertising or bid solicitation.  *See* M.G.L. c. 149, § 27.[2]  They argue that

---

[2] The statute is very lengthy.  It provides as follows, including in boldface and italics those portions the defendants contend must be included in any complaint alleging a violation of the statute:

The commissioner shall prepare, for the use of such public officials or public bodies whose duty it shall be to cause public works to be constructed, a list of the several jobs usually performed on various types of public works upon which mechanics and apprentices, teamsters, chauffeurs and laborers are employed, including the transportation of gravel or fill to the site of said public works or the removal of surplus gravel or fill from such site. The commissioner shall classify said jobs, and he may revise such classification from time to time, as he may deem advisable. ***Prior to awarding a contract for the construction of public works, said public official or public body shall submit to the commissioner a list of the jobs upon which mechanics and apprentices, teamsters, chauffeurs and laborers are to be employed, and shall request the commissioner to determine the rate of wages to be paid on each job.*** Each year after the awarding of the contract, the public official or public body shall submit to the commissioner a list of the jobs upon which mechanics and apprentices and laborers are to be employed and shall request that the commissioner update the determination of the rate of wages to be paid on each job. The general contractor shall annually obtain updated rates from the public official or public body and no contactor or subcontractor shall pay less than the rates so established. Said rates shall apply to all persons engaged in transporting gravel or fill to the site of said public works or removing gravel or fill from such site, regardless of whether such persons are employed by a contractor or subcontractor or are independent contractors or owner-operators. ***The commissioner, subject to the provisions of section twenty-six, shall proceed forthwith to determine the same, and shall furnish said official or public body with a schedule of such rate or rates of wages as soon as said determination shall have been made. In advertising or calling for bids for said works, the awarding official or public body shall incorporate said schedule in the advertisement or call for bids by an appropriate reference thereto, and shall furnish a copy of said schedule, without cost, to any person requesting the same.*** Said schedule shall be made a part of the contract for said works and shall continue to be the minimum rate or rates of wages for said employees during the life of the contract. Any person engaged in the construction of said works shall cause a legible copy of said schedule and subsequent updates to be kept posted in a conspicuous place at the site of said works during the life of the contract. An apprentice performing work on a project subject to this section shall maintain in his possession an apprentice identification card issued pursuant to section 11W of chapter 23. The aforesaid rates of wages in the schedule of wage rates shall include payments by employers to health and welfare plans, pension plans and supplementary unemployment benefit plans as provided in said section twenty-six, and such payments shall be considered as payments to persons under this section performing work as herein provided. Any employer engaged in the construction of such works who does not make payments to a health and welfare plan, a pension plan and a supplementary unemployment benefit plan, where such payments are included in said rates of wages, shall pay the amount of said payments directly to each employee engaged in said construction. Whoever shall pay less than said rate or rates of wages, including payments to health and welfare funds and pension funds, or the equivalent payment in wages, on said works to any person performing work within classifications as determined by the commissioner, and whoever, for himself, or as representative, agent or officer of another, shall take or receive for his own use or the use of any other person, as a rebate, refund or gratuity, or in any other guise, any part or portion of the wages, including payments to health and welfare funds and pension funds, or the equivalent payment in wages, paid to any such person for work done or service rendered on said public works, shall have violated this section and shall be punished or shall be subject to a civil citation or order as provided in section 27C. The president and treasurer of a corporation and any officers or agents having the management of such corporation shall also be deemed to be employers of the employees of any corporation within the meaning of sections 26 to 27B, inclusive.

Count Two (failure to pay overtime) fails because it is derivative of the prevailing wage claim. They argue that Count Four (quantum meruit) fails because the availability of a claim for breach of contract precludes an unjust enrichment claim.

Finally, the defendants argue that the class allegations should be dismissed because the plaintiffs have failed to plead the requirements for class certification under Federal Rule of Civil Procedure 23.

## III.    STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss requires the Court to "assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (*citing Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). In order to survive a motion to dismiss, the plaintiff must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level … on the

---

Offers of restitution or payment of restitution shall not be considered in imposing such punishment.

When an investigation by the attorney general's office reveals that a contractor or subcontractor has violated this section by failing to pay said rate or rates of wages, including payments to health and welfare funds and pension funds, or the equivalent payment in wages, on said works to any person performing work within classifications as determined by the commissioner, or that a contractor or subcontractor has, for himself, or as representative, agent or officer of another, taken or received for his own use or the use of any other person, as a rebate, refund or gratuity, or in any other guise, any portion of the wages, including payments to health and welfare funds and pension funds, or the equivalent payment in wages, paid to any such person for work done or service rendered on said public works, the attorney general may, upon written notice to the contractor or subcontractor and the sureties of the contractor or subcontractor, and after a hearing thereon, order work halted on the part of the contract on which such wage violations occurred, until the defaulting contractor or subcontractor has filed with the attorney general's office a bond in the amount of such penal sum as the attorney general shall determine, conditioned upon payment of said rate or rates of wages, including payments to health and welfare funds and pension funds, or the equivalent payment in wages, on said works to any person performing work within classifications as determined by the commissioner.

An employee claiming to be aggrieved by a violation of this section may, 90 days after the filing of a complaint with the attorney general, or sooner if the attorney general assents in writing, and within 3 years after the violation, institute and prosecute in his own name and on his own behalf, or for himself and for others similarly situated, a civil action for injunctive relief, for any damages incurred, and for any lost wages and other benefits. An employee so aggrieved who prevails in such an action shall be awarded treble damages, as liquidated damages, for any lost wages and other benefits and shall also be awarded the costs of the litigation and reasonable attorneys' fees.

assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 556).

Dismissal is appropriate if the plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (internal quotations and original alterations omitted). As such, "[t]he relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Cayo v. Fitzpatrick*, 95 F. Supp.3d 8, 10 (D. Mass. 2015) (*quoting Ocasio–Hernàndez v. Fortuño–Burset,* 640 F.3d 1, 13 (1st Cir.2011)). In determining whether a complaint crosses the plausibility threshold, 'the reviewing Court [must] draw on its judicial experience and common sense.'" *Garcia-Catalan v. United States*, 734 F.3d 100, 103 (1st Cir. 2013) (*quoting Iqbal*, 556 U.S. at 679)). Where "the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *Morales-Cruz v. Univ. of Puerto Rico*, 676 F.3d 220, 224 (1st Cir. 2012) (*quoting SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010)).

## IV.  **DISCUSSION**

### a.  Count Three Sufficiently Alleges a Prevailing Wage Claim

The Massachusetts prevailing wage law "govern[s] the setting and payment of wages on public works projects constructed by the State, by municipalities, or by public authorities." *McCarty's Case*, 445 Mass. 361, 370 (2005) (*citing* M.G.L. c. 149, §§ 26-27). Under the statute, and "[p]rior to awarding a contract for the construction of public works, [a] public official or public body shall submit to the commissioner a list of the jobs upon which … laborers are to be employed,

and shall request the commissioner to determine the rate of wages to be paid on each job." M.G.L. c. 149, § 27. Once the rate of wages has been set, "no contractor or subcontractor shall pay less than the rates so established," *i.e.,* the prevailing wages. *Id.* The word "construction" as applied to a public works project includes several types of activities, including "soil explorations" and "test borings." M.G.L. c. 149, § 27D. An employer that pays less than the prevailing rate of wages violates the statute. M.G.L. c. 149, § 27. A president and treasurer of a corporation are deemed to be employers of the employees of any corporation within the meaning of the statute. *Id.* An employee claiming a violation of the statute may bring suit against the employer after first filing a complaint with the attorney general and then receiving authorization to bring suit. *Id.*

The complaint here alleges that NH Boring contracted with the MBTA and MassDOT to perform "boring, drilling and other construction related services" for the green line extension project. It alleges that the project was a "public construction project" and consequently was subject to the Massachusetts prevailing wage law. It alleges that the plaintiffs worked for the defendants on the project, and therefore were entitled to be paid at the prevailing wage for their work. It alleges that the defendants paid them at a rate substantially less than the prevailing wage, for both their regular and overtime work, and thus violated the statute. The complaint names the company, the president and treasurer as defendants, all of whom are deemed to be employers for purposes of the statute, and additionally alleges that the plaintiffs brought this action only after first filing wage complaints with the Massachusetts attorney general's office and receiving its permission to institute suit.

In the Court's view, the complaint adequately states a claim for a violation of the prevailing wage statute. Under Rule 8 of the Federal Rules of Civil Procedure, a claim for relief "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

P. 8(a)(2).  The short and plain statement must give the defendants "fair notice of what the ... claim is and the ground upon which it rests," *Gargano v. Liberty Int'l Underwriters, Inc.*, 572 F.3d 45, 48 (1st Cir. 2009) (*quoting Twombly*, 550 U.S. at 555), and a "meaningful opportunity to mount a defense ..." *Conley v. Massachusetts*, No. 09–11108–NG, 2009 WL 2096207, at *4 n. 5 (D. Mass. July 7, 2009) (internal quotation marks and citation omitted). "What constitutes a short and plain statement must be determined in each case on the basis and nature of the action, the relief sought, and the respective positions of the parties in terms of the availability of information and a number of other pragmatic matters." *Peabody v. Griggs*, No. 08–243–ML, 2009 WL 3200686, at *2 (D.R.I. Oct.6, 2009) (*quoting* 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1217 at 240–41 (3d ed. 2004)). "A plaintiff properly pleads a claim for relief by '*briefly* describing the events' supporting the claim.'" *Id.* (citation omitted; emphasis in original).

The complaint here satisfies the requirements of Rule 8.  It is cogent and unambiguous, and through the use of "short and plain" statements articulates the plaintiffs' contentions that (1) the green line extension project was a public works project subject to the prevailing wage law; (2) NH Boring was thus obligated to pay prevailing wages to its employees; (3) the plaintiffs were NH Boring employees and therefore were entitled to be paid at the prevailing rates; and (4) the defendants failed to so pay them and therefore violated the statute.

Indeed, the defendants do not seriously attack the complaint as deficient under Rule 8. Rather, they argue that the complaint is deficient because it does not explicitly allege the specific portions of the statute which they contend must also be proven in order for the plaintiffs to prevail, namely that (1) a public body or official designated the public works project as a prevailing wage project; (2) the commissioner issued a wage rate schedule; and (3) that the schedule of rates was included within the advertising or bid solicitation.  The Court rejects the argument that these

allegations must be contained in a complaint in order to state a plausible claim for a violation of M.G.L. c. 149, § 27.

As an initial matter, the defendants do not explain why these specific portions of the massive statute must be asserted in a complaint while other portions of the statute do not. Regardless, the principal deficiency in the defendants' argument is that it conflates what the plaintiffs must ultimately *prove* at trial in order to prevail with what they must *allege* in a complaint in order to state a valid claim for relief.  Even assuming *arguendo* that the plaintiffs must prove each of the three allegations enumerated above, there is no requirement that the complaint allege the existence of each and every fact in order to satisfy Rule 8's relatively liberal pleading standard. Rather, it is enough if the facts that are alleged state a plausible claim for relief and put the defendants on notice of the grounds upon which the claim rests.  *See e.g., Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement…' Specific facts are not necessary.").  The complaint here pleads the essential elements of the prevailing wage claim in a manner that allows the defendants to understand who allegedly did what to whom, when and where, and affords the defendants a meaningful opportunity to mount a defense.  That is enough to satisfy Rule 8.  *Calvi v. Knox County,* 470 F.3d 422, 430 (1st Cir. 2006); *Diaz-Rivera v. Rivera Rodriguez,* 377 F.3d 119, 123 (1st Cir. 2004).

In seeking dismissal, the defendants rely on *McGrath v. Act, Inc.*, No. 08-40018-ADMS, 2008 WL 5115057 (Mass. App. Div. 2008), but that case provides no support for their argument. In *McGrath,* an employee performing work on a municipal project sued his employer for failing to pay the prevailing wage.  The Court found that the undisputed evidence *showed* that the defendant employer did not bid any work as a prevailing wage job, was not advised by the municipality that the prevailing wage law applied, and had no knowledge whether any of its

municipal customers had requested any state agency to determine a statutorily required wage. Accordingly, the Court found that summary judgment was appropriate on the merits because the prevailing wage statute did not apply to the employer. *McGrath*, 2008 WL 5115057, at *1. *McGrath* is thus distinguishable from the present case because the Court there decided the case on the merits, at summary judgment, and never addressed the issue of whether a complaint purporting to allege a violation of the prevailing wage statute must contain the three specific allegations referenced by the defendants in order to satisfy Rule 8 and survive a motion to dismiss. For the reasons noted above, the Court concludes that it does not. The motion to dismiss is therefore denied with respect to both Count Three and the derivative overtime claim in Count Two.[3]

   b. <u>Count Four Survives With Respect to NH Boring but will be Dismissed with Respect to Defendants Garside and Burne</u>

   The defendants argue that the plaintiffs' claim for quantum meruit should be dismissed because such a claim is only available in the absence of an adequate remedy at law. They argue that the plaintiffs could have brought a breach of contract action based on their "employment relationship," but did not, and consequently may not recover for quantum meruit.[4] As a general matter, the defendants are correct that a plaintiff cannot recover under a quantum meruit theory where an adequate remedy at law exists. *Massachusetts v. Mylan Labs.*, 357 F. Supp. 2d 314, 324

---

[3] The plaintiffs have submitted the results of a google search in an effort to demonstrate their good faith basis to believe the green line extension project was subject to the prevailing wage laws. The defendants in response have submitted a copy of their subcontract for the project, to demonstrate that the results of plaintiffs' search are in relation to a different project. It is within the discretion of the Court to consider materials outside the pleadings in making its ruling on a motion to dismiss and when doing so, must convert the motion into one for summary judgment. *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 321 (1st Cir. 2008). However, where the Court chooses to "ignore supplementary materials submitted with the motion papers and determine the motion under the Rule 12(b)(6) standard, no conversion occurs and the supplementary materials do not become part of the record for purposes of the Rule 12(b)(6) motion." *Id*. Where neither party purports to rely on the substantive aspects of their extrinsic documents and for that reason, the Court declines to consider them here.

[4] The plaintiffs title Count Four as a claim for quantum meruit, which is a "species of unjust enrichment[.]" *Bisbano v. Strine Printing Co.*, 737 F.3d 104, 109 n.2 (1st Cir. 2013). This distinction is irrelevant for purposes of adjudicating the defendants' motion to dismiss.

(D. Mass. 2005) ("It is a basic doctrine of equity jurisprudence that courts of equity should not act … when the moving party has an adequate remedy at law." (citations omitted)).   That being said, it is not immediately clear to the Court whether and how the plaintiffs' employment relationship with NH Boring would give the plaintiffs the right to sue the defendants for breach of contract for failing to pay them prevailing wages on the GLX project.  Even assuming such an option existed, that would not automatically bar their quantum meruit claim at this stage of the litigation.  *Dorney v. Pindrop Sec., Inc.*, No. 15-11505-ADB, 2015 WL 5680333, at *6 (D. Mass. Sept. 25, 2015) (holding that at the motion to dismiss stage, "the existence of statutory and contractual claims does not necessitate the dismissal of [plaintiffs'] equitable quantum meruit/unjust enrichment claim.") (*citing Lass v. Bank of Am., N.A.*, 695 F.3d 129, 140 (1st Cir. 2012) (holding that though breach of contract and unjust enrichment claims are mutually exclusive, both may proceed past the pleading stage); *Mylan Labs.*, 357 F. Supp. 2d at 324 (D. Mass. 2005) ("The Court need not resolve these issues at this stage of the proceeding, since [plaintiff] may have to elect only one theory of recovery eventually, and will not force [plaintiff] to choose its remedy at this stage of the litigation.")).  The Court declines at this juncture to dismiss Count Four against NH Boring.

However, the Court agrees with the defendants that the complaint fails to state a valid quantum meruit claim against the individual defendants.  Although the statutory counts provide a basis for imposing personal liability on the president and treasurer of NH Boring, that does not mean that individual liability may also automatically be imposed against them under a theory of unjust enrichment.[5]  Rather, the complaint must provide a plausible basis to find that (1) the

---

[5] As a general rule, a corporate officer does not incur personal liability for activities of the corporation "merely by virtue of the office which he holds in the corporation." *Refrigeration Discount Corp. v. Catino*, 330 Mass. 230, 235 (1953). Such liability may, however, be imposed by statute. Under Mass. Gen. Laws ch. 151, § 1B, personal liability attaches to "the officer or agent of [the] corporation who pays or agrees to pay to any employee less than the overtime rate of compensation required." (emphasis added). The prevailing wage statute is even broader, providing that personal liability for failure to pay prevailing wages attaches to "[t]he president and treasurer of a corporation and any officers or agents having the management of such corporation." M.G.L. c. 149, § 27.

plaintiffs conferred a reasonable benefit upon the defendants; (2) a reasonable person in the defendants' positions would have expected to compensate the plaintiffs; and (3) the plaintiffs provided the services with the reasonable expectation of receiving compensation. *Backman v. Smirnov*, 751 F. Supp. 2d 304, 314 (D. Mass. 2010). Although the complaint fairly provides a basis to find that the plaintiffs conferred a benefit on NH Boring, there is no basis to find that they conferred on the individual defendants any benefit which the individual defendants in turn unjustly retained. The Court thus dismisses Count Four as it relates to defendants Garside and Burne.

c.   <u>The Court will not Dismiss the Class Allegations at this Early Juncture</u>

The plaintiffs seek to bring this action on behalf of themselves and "all others similarly situated." The defendants argue that the complaint lacks sufficient factual allegations to support claims for class relief and seek dismissal of the class allegations. The Court declines to do so at this early point in the case. The First Circuit has directed courts to use caution when striking class allegations "based solely on the pleadings." *Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 59 (1st Cir. 2013). For one, even accepting that the Court may in its discretion rule on a motion to strike or dismiss at this point, such motions are "disfavored" and not "calculated readily to invoke the Court's discretion." *Id.; Boeri v. Fiat S.P.A.,* 763 F.2d 17, 23 (1st Cir. 1985). Further, doing so requires the Court to "preemptively terminate the class aspects of … litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification." *Id*. (citations omitted).

Here, the core of the plaintiffs' allegations is straight forward – namely, that NH Boring was required to pay employees working on the green line extension in accordance with the prevailing wages but failed to do so. "Accepting the complaint's allegations as true, as we must,

these facts support the plausible inference that this [failure] affected [NH Boring's] employees across the board…" *Id.* at 60.  Concerns surrounding the number of other employees potentially affected and/or whether they too failed to be paid in accordance with state law does not justify dismissing or striking the class allegations in their entirety.  *Id.* (citation omitted).  These concerns are better addressed during the class certification process where the Court may determine "the appropriate contours of the putative class" and after the plaintiffs have had "the chance to prove their assertions through discovery and a properly-brought motion for class certification."  *Id.*

## V.    <u>CONCLUSION</u>

For the foregoing reasons, the motion to dismiss is GRANTED with respect to Count Four against defendants Garside and Burne.  The remainder of the motion to dismiss is DENIED.  (Dkt. No. 13).


/s/ Donald L. Cabell_____
DONALD L. CABELL, U.S.M.J.

DATED:  March 31, 2016