UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASON P. O'LEARY, and RICHARD P. LEONARD, individually and on behalf of others similarly situated, | No. 15-CV-12335-DLC |
| Plaintiffs, | |
| v. | |
| NEW HAMPSHIRE BORING, INC., THOMAS A. GARSIDE, and JAYNE F. BURNE, | |
| Defendants. | |

**MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (Dkt. No. 50)**

CABELL, U.S.M.J.

The plaintiffs have moved for leave to amend their complaint to add four new defendants, the Massachusetts Bay Transportation Authority (MBTA), Nobis Engineering, Inc. (Nobis), AECOM Technical Services, Inc. (AECOM), HNTB Corporation (HNTB), and several new common law claims. All of the proposed defendants received notice and all have opposed the motion except for the MBTA, which has not responded. (Dkt. Nos. 53, 54). As explained below, the motion will be allowed in part and denied in part; the complaint may be amended to assert a violation of M.G.L c. 149, § 27 against NHB and all of the proposed defendants, but will otherwise be denied.

## I. RELEVANT PROCEDURAL BACKGROUND

On August 5, 2015, the defendants moved to dismiss the original complaint for failure to state a claim. (Dkt. 13). On January 8, 2016, and while the motion to dismiss was pending, the plaintiffs moved jointly to extend the deadline to file motions seeking joinder of additional parties, third party complaints, amendment of pleadings, and/or class certification, to 30 days after the decision on the motion to dismiss. (Dkt. 32). The court granted the motion. (Dkt. 33). The court ruled on the motion to dismiss on March 31, 2016, creating a new filing deadline of May 2, 2016. Neither party filed a motion to add new parties or claims by that date.

On October 31, 2016, about five months later, the parties jointly moved to extend the discovery deadline by 60 days. The parties also indicated that the plaintiffs intended to seek leave to amend the complaint to add the four proposed defendants. NHB indicated it was likely to assent to an amendment adding the MBTA, but expected that the plaintiff would not seek "in any way to revive the now-expired deadline for class certification motions." (Dkt. No. 54). The parties further explained that, because the pertinent local rules required the plaintiff to first serve a motion to amend on each of the new parties 14 days prior to filing the motion to amend with the court, the plaintiffs would not file the motion to amend "until mid-November, after the discovery

deadline." (Dkt. 48).  On November 3, 2016, the court granted the joint motion.  (Dkt. 49).

On November 28, 2016, and as presaged by the parties' joint motion, the plaintiffs moved for leave to amend the complaint. (Dkt. 50).  Counts One and Two of the proposed amended complaint remain unchanged from the original complaint.  Count Three continues to assert a violation of the prevailing wage statute, M.G.L. c. 149, § 27, but proposes to assert it against all of the proposed defendants as well.  Count Four asserts a claim of quantum meruit against NHB and the four proposed defendants.  Count Five asserts a claim of negligence against NHB and the four proposed defendants.   Count  Six  asserts  a  claim  of  negligent misrepresentation against the four proposed defendants.  Count Seven asserts a claim of negligent interference with advantageous relations against the four proposed defendants.  Finally, Count Eight alleges a claim of civil conspiracy against NHB, Nobis, AECOM and HNTB.

## II.  LEGAL STANDARD

A party seeking to amend a complaint more than 21 days after "service of a responsive pleading or . . . motion under Rule 12(b), (e), or (f)" must seek leave of court to do so.  Fed. R. Civ. P. 15(a).  When deciding a motion to amend, the Court's task is to determine whether "justice … requires" that leave to amend be granted, a determination that requires the Court to "examine the

totality of the circumstances and to exercise its informed discretion in construing a balance of pertinent considerations." *Id; Palmer v. Champion Mortg.*, 465 F.3d 24, 30-31 (1st Cir. 2006). "Reasons for denying leave [to amend] include undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment." *U.S. ex rel. Gange v. City of Worcester*, 565 F.3d 40, 48 (1st Cir. 2009) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)).

However, where a scheduling order setting out a deadline for amendment exists, "the liberal default rule is replaced by the more demanding 'good cause' standard of Fed. R. Civ. P. 16(b)." *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004). "This standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Id.* "Nonetheless, prejudice to opposing parties and the burden on the court remain factors that the court should take into account." *Murphy v. Harmatz*, Civil Case No. 13-CV-12839-MAP, 2016 WL 7468801, at *2 (D. Mass. Dec. 28, 2016). To show good cause, a party must demonstrate that despite their diligence the deadline in the scheduling order could not be reasonably met. *House of Clean, Inc. v. St. Paul Fire and Marine Ins. Co., Inc.*, 775 F. Supp. 2d 296, 298 (D. Mass. 2011). "The heightened good cause standard is. . .meant to preserve the integrity and

effectiveness of Rule 16(b) scheduling orders." *Kane v. Town of Sandwich*, 123 F. Supp. 3d 147, 158 (D. Mass. 2015) (internal quotation and alteration marks omitted).

## III. ANALYSIS

### A. The Plaintiffs Have Been Diligent

NHB argues that the plaintiffs have not been diligent in seeking to amend because they knew as early as April/June of 2016 of the facts underlying the proposed new claims. NHB argues that a diligent party would have at least sought to amend the scheduling order when it became aware of the factual predicate for the new claims. *See Boston Scientific Corp. v. Radius Intern., L.P.*, Civil Action No. 06-10184-RGS, 2008 WL 1930423, at *2 (D. Mass. May 2, 2008). But, even assuming *arguendo* that the plaintiffs did not move to amend as soon as they became aware of a basis to do so, the court cannot say that they were not diligent.

First, it would have been impractical if not impossible to hold the plaintiffs to the May 2, 2016 deadline. Among other things, the court effectively stayed discovery until after its resolution of the motion to dismiss, which in turn delayed the exchange of discovery potentially informing on the appropriateness or not of seeking leave to amend the complaint. For example, NHB provided discovery on April 29, 2016, only three days before the amendment deadline, indicating that certain third parties might also bear potential liability. The plaintiffs could not

realistically investigate that allegation over the next three days and still comply with the amendment deadline.

In that regard, it does appear that the plaintiffs did over the next few months investigate whether entities other than NHB might be liable. According to a timeline provided by the plaintiffs, to which no party has seriously objected, the parties sent a subpoena to the MBTA on March 21, 2016. The MBTA produced documents at various times but produced the bulk of them in August 2016. On September 22, 2016, the parties deposed the MBTA's Rule 30(b)(6) designee. Additionally, the plaintiff sent subpoenas to AECOM, HNTB, and Nobis on July 25, 2016. Nobis produced documents on September 1, 2016, and AECOM and HNTB produced documents on October 24, 2016. Against this backdrop, the plaintiffs acted reasonably quickly in notifying the prospective defendants of their intentions in mid-November, and in moving to amend two weeks later on November 28, 2016. The court finds no basis on these facts to fault the plaintiffs for a lack of diligence.

To be sure, Nobis argues that the plaintiffs could have learned of the involvement of third parties as early as March 2015, when they initiated an investigation with the Attorney General, and at the very least should have become aware of a basis to amend in September of 2015, when the plaintiffs received information setting out the relationships between NHB, Nobis, AECOM/HNTB, and the MBTA. Accepting that the plaintiffs in hindsight might have

taken a different, shorter route in their investigation of the case, it does not necessarily mean that the path they chose evinces a lack of diligence. Moreover, Nobis has not shown how the delay alone prejudices them (aside from being named as a party, of course), and the facts taken as a whole do not indicate undue delay or dilatory motive on the part of the plaintiffs.

Consequently, I find that the plaintiffs have exercised diligence in investigating the basis for an amendment and have satisfied the good cause standard.

B. **Count Three States a Valid Claim for Violation of M.G.L. c. 149, § 27 but the Common Law Claims underlying Counts Four Through Eight are Barred and Therefore Would be Futile**

As noted above, leave to amend may still be denied when the request is characterized by futility. In this context, futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted. *Glassman v. Computervision Corp.,* 90 F.3d 617, 623 (1st Cir. 1996). Thus, when "reviewing for 'futility,' the district court applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion." *Glassman*, 90 F.3d at 623 (citation omitted). "[I]f the proposed amendment would be futile because, as thus amended, the complaint still fails to state a claim, the district court acts within its discretion in denying the motion to amend." *Abraham v. Woods Hole Ocean. Inst.*, 553 F.3d 114, 117 (1st Cir. 2009).

Under Rule 12(b)(6) a court "may dismiss a complaint only if
it is clear that no relief could be granted under any set of facts
that could be proved consistent with the allegations." *Educadores*
*Puertorriquenos en Accion v. Hernandez,* 367 F.3d at 61, 66 (1st
Cir. 2004) (*citing Hishon v. King & Spalding*, 467 U.S. 69, 73
(1984)).  Applying this standard here, I find that Count Three
states a valid claim for a violation of the prevailing wage
statute, but that the remaining common law claims in Counts Four
through Eight fail to state a valid claim for relief and amending
the complaint to include them would thus be futile.

i.  *The Statutory Claim – Count Three*

As noted above, Counts One and Two of the proposed amended
complaint remain unchanged and are not at issue here, but Count
Three alleges a violation of M.G.L. c. 149, § 27 against the
original and prospective defendants.  The proposed defendants
argue that Count Three is futile because the work the plaintiffs
performed was not "incidental to site clearance and right of way
clearance," and was therefore not covered by the Prevailing Wage
Act.  *See* M.G.L. c. 149, § 27D ("Construction or constructed shall
include additions to and alterations of public work. . .soil
explorations, test borings and demolition of structures incidental
to site clearance and right of way clearance").  However, where
the record in this case is not completely developed, the court
cannot consider the merits of this contention without consulting

8

evidence presently outside the record.  Assuming *arguendo* that the defendants are correct, the better course still would be to wait to consider this claim at summary judgment.  *See e.g., Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001) ("a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment.")  Count three therefore cannot be deemed to be futile at this juncture.

### *ii.  The Common Law Claims – Counts Four Through Eight*

However, I find that M.G.L. c. 149, § 27 is meant to be the exclusive vehicle for obtaining relief from an employer's failure to pay the prevailing wage and, for that reason, the common law claims in Counts Four through Eight fail to state a claim and therefore may not go forward.

Where a statute is "seemingly intended to cover the whole subject to which it relates, including a remedy for its infraction, other provisions of the common law, including such as are remedial in nature, are thereby superseded." *Sch. Comm. Of Bos. v. Reilly,* 362 Mass. 334, 338 (1972) (quoting *School Comm. of Lowell v. Mayor of Lowell*, 265 Mass. 353, 356 (1928)); *see also Dobin v. CIOview Corp.*, No. 2001-00108, 2003 WL 22454602, at *9 (Mass.Super.Ct. Oct. 29, 2003) (Gants, J.) (noting that "when the Legislature has provided a statutory cause of action ... there is no need to add

a common law remedy").  The SJC has interpreted this language to encompass scenarios where the legislature creates a new right or duty that "is wholly the creature of statute [and] does not exist at common law."  *Id.*

That is the case here.  In enacting M.G.L. c. 149, § 27, the legislature created a new right that did not exist at common law. *See Mansfield v. Pitney Bowes,* Civ. Action No. 12-10131-DJC, 2013 WL 947191, at *6 (D. Mass. March 12, 2013) ("Cases involving…the Prevailing Wage statute are situations where an employee would have no recognized cause of action but for the statut[e's] imposition of obligations on employers");  *Lipsitt v. Plaud,* 466 Mass. 240, 255 n. 11 (2013) (same).  In that regard, it is clear that each of the proposed common law claims here alleges at core that the plaintiffs were deprived of their right to be paid the prevailing wage, and would require proof of a violation of the prevailing wage statute in order to succeed.  In particular:  Count Four (quantum meruit) seeks relief on the ground that the defendants failed to pay the plaintiffs the prevailing wage; Count Five (negligence) alleges that the defendants breached a legal duty to ensure that the plaintiffs were paid the prevailing wage; Count Six (negligent misrepresentation) alleges that the defendants made false representations which prevented them from being paid the prevailing wage; Count Seven (negligent interference) alleges that the defendants negligently interfered

10

with the plaintiffs' relationship with NHB by encouraging NHB to pay the plaintiffs less than the prevailing wage; and Count Eight (civil conspiracy) alleges that the defendants conspired to have the plaintiffs paid less than the prevailing wage in order to increase their profits.

Moreover, in seeking "actual and statutory damages," "treble damages as required by law," and "attorneys' fees and costs," the plaintiffs ask for the very same damages allowed for upon proof of a violation of the prevailing wage statute. *See* M.G.L. c. 149, § 27 (providing that "[a]n employee so aggrieved who prevails in such an action shall be awarded treble damages, as liquidated damages, for any lost wages and other benefits and shall also be awarded the costs of the litigation and reasonable attorneys' fees.").

In context, then, Counts Four through Eight are wholly duplicative of Count Three and do not assert any claims that would exist in the absence of M.G.L. c. 149, § 27. Accordingly, Counts Four through Eight are barred and may not go forward. *George v. National Water Main Cleaning Co.,* 286 F.R.D. 168, 188 (D. Mass. 2012) (granting judgment on the pleadings where common law claims were merely duplicative of the remedies available under M.G.L. c. 149, § 27).[1]

---

[1] Independently, Count Five (negligence) would also fail because the economic loss doctrine "bars recovery for ordinary negligence claims in the absence of personal injury or property damage." *See Dill v. American Home Mortg.*

## C. <u>The Parties Will Not Be Prejudiced</u>

Finally, the court does not find that any party would be prejudiced by allowing the complaint to be amended to assert a prevailing wage claim against all defendants. Nobis argues that the plaintiffs treated Nobis as a third party when it earlier sought discovery from it, which in turn reasonably led Nobis to conclude it would not ever be an actual named party in this action. Accepting that such an inference was not unreasonable, and that the plaintiffs might have in hindsight made that possibility clearer, it is not enough in this context to show prejudice. *Pendley v. Komori Printing Machinery Co.*, C.A. No. 89-0420P, 1990 U.S. Dist. LEXIS 1800, at *7-8 (D.R.I. Feb. 8, 1990) (defining prejudice as either a grave injustice to the defendants or an undue difficulty in prosecuting the lawsuit as a result of the change in tactics or theories). In that vein, none of the proposed defendants indicated that they would have conducted the third party discovery differently had they been aware they might eventually become parties. It is true that the proposed defendants, if added, will now have to actively litigate the case, but that is not prejudice. *Id*. at *8 (prejudice must be "'substantial' so as to create a 'grave injustice' to defendants").

---

*Servicing, Inc.*, 935 F. Supp. 2d 299, 303 (D. Mass. 2013); *FMR Corp. v. Boston Edison Co.*, 415 Mass. 393 (1993).

But, the court does find that NHB would be prejudiced to the extent the plaintiffs may seek to resuscitate and effectively extend the May 2016 deadline for seeking class certification. *See Mogel v. UNUM Life Ins. Co. of America*, 677 F. Supp. 2d 362, 366 (D. Mass. 2009) (renewed motion for class certification, filed in connection with motion to amend, denied where "court-imposed deadlines have passed. . .[and] the plaintiffs have had ample opportunity to move for class certification. . .previously."). Notably, the original parties agreed at a prior hearing that the plaintiffs had not raised the issue of class certification when the parties discussed the possibility that the plaintiffs might seek leave to amend the complaint. NHB almost certainly relied on its awareness that the deadline for seeking class certification had passed in determining how to, and then proceeding to defend against the complaint. The plaintiffs have offered no reason for failing to seek certification prior to the deadline even though they had the opportunity to do so. Consequently, insofar as the motion for leave to amend is meant to resuscitate the issue of class certification, the motion is denied.

## IV. CONCLUSION

For the foregoing reasons, the motion for leave to amend is ALLOWED to assert a violation of M.G.L. c. 149, § 27 against all of the named defendants.  The motion in all other respects is DENIED.

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED:  January 5, 2018